advance. McDonald v. Railway Co., 167 N. Y. 66, 60 N. E. 282.

It follows that the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

---

(66 App. Div. 554.)

### BRUSS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. December 6, 1901.)

1. TRIAL—NONSUIT.

 Where at the close of plaintiff's case a nonsuit is granted, on appeal she is entitled to the benefit of every fact that the jury could have found from the evidence adduced by her, and to all the inferences warranted thereby.

2. STREET RAILWAY—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

 Where, while plaintiff's intestate was on a loaded wagon, driving across a street railway, the rear wheel of the wagon was struck by a car which was 70 feet away when he drove on the track, and which could have been stopped in less than one-fifth of that distance, the questions of the negligence of the motorman and of the contributory negligence of the deceased should be submitted to the jury.

3. SAME—COLLISION—DEATH—PROXIMATE CAUSE—VERDICT.

 A teamster 31 years of age, who had not been sick for 7 years, was thrown from his wagon by collision with a street car. He immediately complained of pain, was taken to his home, and a few hours after went to bed, where he remained until he died, two days after the accident. Between the collision and his death he had several convulsions, the last of which resulted in his death. A physician testified that his death resulted from cerebral hemorrhage. *Held*, that a verdict that the accident was the proximate cause of his death would have been justified.

4. SAME—CAUSE OF CEREBRAL HEMORRHAGE—EXPERT TESTIMONY—COMPETENCY.

 Where plaintiff's intestate, previously in good health, died from cerebral hemorrhage two days after being thrown from his wagon by collision with a street car, it was error to exclude the question asked a physician, in an action against the railway company for damages for causing the death, whether "cerebral hemorrhage may or may not be caused by a fall from a wagon into the street in consequence of a collision with a trolley car."

Appeal from trial term, New York county.

Action by Minnie Bruss, as administratrix of the estate of August Bruss, deceased, against the Metropolitan Street Railway Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ.

C. Washbourne Smith, for appellant.

Charles F. Brown, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendant. At the trial, at the close of the plaintiff's case, the complaint was dismissed, and from the judgment thereafter entered she has appealed. From the testimony adduced by her, it appears that on Wednesday, the 27th of June, 1900, between 9 and 10 o'clock in the forenoon, her intestate was

driving on Second avenue, in the city of New York, a team attached to a wagon loaded with beer kegs. Approaching Thirty-Third street, in that city, he attempted to cross the defendant's tracks for the purpose of going east into Thirty-Third street, and just as the rear wheels of the wagon were passing over the east tracks of the defendant one of the defendant's cars collided with the wagon, and the intestate was thrown from his seat to the street. Some of the beer kegs were also thrown from the wagon to the street. The intestate was picked up and placed upon one of the kegs, and shortly thereafter was helped to a saloon near by. In going to the saloon he limped, and then, or immediately afterwards, he was observed with his hands upon his stomach, groaning. He remained in the saloon until an ambulance was called, and then he was taken away. A few hours later, on the same day, he was taken to his home by two men; and as soon as he arrived there he went to bed, where he remained until he died, two days later. From the time he was taken home until he died, he was sick. At 2 o'clock on Thursday morning he had a convulsion which lasted half an hour, and four hours later he had another, which lasted the same length of time, and an hour and a half later he had a third, and several on Friday; the last one, Friday evening, resulting in his death. It also appeared that he was about 31 years of age, and prior to the collision was in good health, not having been attended by a physician for at least 7 years.

The complaint was dismissed on the ground that the plaintiff had failed to make out the cause of action alleged therein. In this ruling we are unable to concur. The plaintiff at the close of her case —a nonsuit having been granted—was entitled to the benefit of every fact that the jury could have found from the evidence adduced by her, and to all the inferences warranted thereby. St. John v. Railroad Co., 165 N. Y. 241, 59 N. E. 3; Costello v. Railroad Co., 161 N. Y. 320, 55 N. E. 897; Stuber v. McEntee, 142 N. Y. 205, 36 N. E. 878. Under this rule, the question of defendant's negligence, upon the evidence, was clearly one for the jury. It would have justified the jury in finding that the motorman did not exercise the care and caution which he ought to have exercised in preventing the collision. There is testimony to the effect that he might have stopped the car and prevented the collision, and, if he could, then the negligence of the defendant was established. When he saw the intestate passing over the defendant's tracks, it was his duty to check the speed of the car, and, if necessary, stop it, in order to avoid a collision; and this irrespective of the question of whether or not the intestate was guilty of contributory negligence. Lawson v. Railway Co., 40 App. Div. 307, 57 N. Y. Supp. 997, affirmed in 166 N. Y. 589, 59 N. E. 1124; Kennedy v. Railroad Co., 31 App. Div. 30, 52 N. Y. Supp. 551. The question of whether or not the intestate was guilty of contributory negligence was also for the jury. He was as much bound to prevent the collision as was the motorman on the defendant's car. The rights of drivers of vehicles and those of motormen are reciprocal. One must use as much care as the other in endeavoring to prevent a collision. Lawson v. Railway Co., supra. But according to the testimony the jury could at least

have found that at the time the intestate attempted to cross the defendant's tracks the car was upwards of 70 feet away, and also that the car could have been stopped in less than one-fifth of that distance. If this be true, then it certainly could not be said, as a matter of law, that the plaintiff was guilty of contributory negligence in attempting to cross the tracks. Lawson v. Railway Co., supra; Costello v. Railroad Co., supra; Brozek v. Railway Co., 10 App. Div. 360, 41 N. Y. Supp. 1017; Henavie v. Railway Co., 166 N. Y. 261, 59 N. E. 901.

But it is urged by the respondent that, irrespective of the question of the negligence of the defendant or the contributory negligence of the intestate, the evidence was insufficient to justify a finding that the death of the intestate was caused by the collision. We are unable to adopt this suggestion. On the contrary, a fair consideration of the evidence, unexplained, would have justified the jury in finding that the death of the intestate was the direct and proximate result of an injury sustained by reason of the collision. As indicated, prior to the collision the intestate was in the prime of life, in good health, and had been so for at least seven years, during which time he had not required the services of a physician. Immediately following the collision he complains of being injured, is put into an ambulance, taken away, and a few hours later appears at his home, and immediately goes to bed, where he remains until he dies, two days later. Intermediate the collision and his death he has several convulsions, the last of which results in his death. Upon such a state of facts, we think a jury would be justified, irrespective of other evidence as to the cause of death, in finding that it resulted from an injury which he received, resulting from the collision. In other words, the collision and the facts immediately connected with and resulting from it speak for themselves, and the jury might well find that the cause of death was an injury received by his being thrown from the wagon.

But, if there be any doubt upon this branch of the case, then the learned trial justice erred in sustaining the objection made to the question put to Dr. McGrath. A hypothetical question was put to this witness, and he was then asked if he could, assuming the facts stated in the question to be true, state the cause of the intestate's death; and he answered that he could. He was then asked, assuming such facts to be true, what was the cause of death; and he answered he died of cerebral hemorrhage. He was then asked if cerebral hemorrhage could be caused by a fall from a beer wagon into the street in consequence of a collision with a trolley car. This was objected to, and the objection sustained. He was then asked to state whether or not, in his opinion, cerebral hemorrhage "may or may not be caused by a fall from a wagon into the street in consequence of a collision with a trolley car." This was also objected to, and the objection sustained. Exceptions were taken to both rulings, and we think they were well taken. The case of Turner v. City of Newburg, 109 N. Y. 301, 16 N. E. 344, 4 Am. St. Rep. 453, is directly in point. There the plaintiff was injured by falling upon a street crossing, and questions addressed to physicians, calling for

their opinions as to whether the physical condition in which they found the plaintiff to be, upon their examination of her, could have resulted from a fall, were not objectionable. The court said:

"We see no objection to the expression of opinion by competent medical experts, upon an ascertained physical condition of suffering or bad health, as to whether that condition might have been caused by, or be the result of a previous injury. * * * It is perfectly competent to furnish the jury with evidence of the present physical condition and bodily suffering, and with the opinions of competent physicians as to whether such could have resulted from the accident. * * *"

And in McClain v. Railroad Co., 116 N. Y. 459, 22 N. E. 1062, it was held that a physician, upon a hypothetical question, might be permitted to state that the accident might have produced the injury claimed. See, also, Quinn v. O'Keeffe, 9 App. Div. 681, 41 N. Y. Supp. 116; Maimone v. Railroad Co., 58 App. Div. 383, 68 N. Y. Supp. 1073.

A large number of other exceptions were taken to rulings of the trial court on the rejection of evidence; but, having reached the conclusion that the judgment must be reversed and a new trial ordered, we deem it unnecessary to consider them.

The judgment appealed from is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.