## WAGNER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. February 6, 1903.)

1. TRIAL—INSTRUCTIONS.

Where the questions of defendant's negligence and plaintiff's contributory negligence were, under the evidence, for the jury, the court was not required to charge, as matter of law, that, if the jury believed the testimony of a particular witness as to a particular fact, they should find for defendant.

2. STREET RAILWAYS—CONTRIBUTORY NEGLIGENCE—EFFECT.

A traveler, though turning on a street car track when an approaching car was 30 feet away, was entitled to recover for injuries sustained by being struck by the car, notwithstanding his own negligence, unless the motorman did what he could to avoid the accident.

3. SAME—INSTRUCTIONS.

In an action against a street railway for injuries received by a traveler, an instruction that if the accident happened by reason of the traveler starting to drive across the tracks when the car was 30 feet away, and if the motorman could not by the exercise of ordinary care have stopped the car in time to avoid the accident, then defendant was not liable, was properly refused, as authorizing a verdict for defendant though the motorman might have so checked the car that the force of the collision would not have been sufficient to throw the traveler off his wagon and injure him.

4. EXPERT TESTIMONY—COMPETENCY.

Where plaintiff's right shoulder, previously in good condition, was injured in a collision with a street car in which he was thrown from his wagon, it was not error to permit a physician, who testified that about three months before the trial, which occurred some two years after the accident, he had examined plaintiff, and found a condition indicating an old inflammation of the shoulder joint, to answer a question whether the condition could have been caused by a severe contusion of the shoulder nearly two years before, caused by his being thrown out of a wagon.

5. EXCESSIVE DAMAGES.

Where plaintiff's evidence in an action against a street railway company for injuries received in a collision with a car tended to show that the use of his arm was impaired, a verdict for $1,500 was not excessive.

Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by Edward Wagner, by his guardian ad litem, Louis Ehrhardt, against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Arthur Ofner, for appellant.
Henry A. Powell, for respondent.

INGRAHAM, J.   The plaintiff testified that on the 4th of July, 1900, he started off on his regular milk route, driving a milk wagon belonging to his employer; that he drove upon Third avenue at Forty-Seventh street, on the west side, between the elevated pillars and the sidewalk; that when just south of Forty-Fifth street he turned on the south-bound track of the defendant's railway; that when he pulled on the track he looked to see whether any cars were coming or not; that the street was well lighted, and he could see from five to six blocks; that he drove on the south-bound track down to Forty-Fourth street, and during that time he again looked for a car, but could see none; that when he got to Forty-Fourth street he turned off the car tracks upon the north cross-walk of Forty-Fourth street, turning towards the west; that when he was half off the track one of the defendant's cars struck him, causing injuries for which he seeks to recover in this action.

The defendant upon this appeal concedes that the case was a proper one for the jury, and relies upon an exception taken to the charge, and one to the admission of evidence.   The first is an exception to a refusal to charge that:

"If the jury should find that the accident happened in the way testified to by Officer Conovan, called as a witness on behalf of the plaintiff, namely, that it happened by reason of the wagon starting to go to the east onto the track, and at a time when the car was only thirty feet away, and if the motorman could not at that time by the exercise of ordinary care have stopped his car in time to avoid an accident, that then it is their duty to find a verdict for the defendant."

In answer to that request the court said:

"I refuse to charge in that language.   It is for you to consider Officer Conovan's evidence in connection with the testimony given by the other witnesses, and to determine whether or not the defendant was guilty of negligence, or the plaintiff guilty of contributory negligence."

Counsel for the defendant excepted to the court's refusal to charge as requested, and also to the modification of the charge.

The court had before instructed the jury that, to find for the plaintiff, they must find affirmatively that the defendant was negligent in the management and operation of the car, and that the plaintiff was free from contributory negligence; expressly instructing the jury that, if they should reach the conclusion that the defendant was not guilty of negligence, they must find for the defendant, and, if they should find that the plaintiff was guilty of negligence in any degree, then they must find for the defendant.   The court thus submitted the question of the defendant's negligence in the management and operation of the car, and the question of the plaintiff's freedom from contributory negligence, to the jury, and the jury were instructed to determine those questions from the whole evidence.   Negligence of the defendant was a concrete fact, upon proof of which the right of the plaintiff to recover depended.   In this case the court was not required to charge, as a matter of law, that, if the jury believed the testimony of any one witness as to a particular fact, they should find a verdict for the defendant.   Officer Conovan had been called as a witness for the plaintiff.   He testified that he was standing on the corner of Forty-Fourth street, and saw a horse and wagon turn onto the Third avenue rail-

road track; that at that time he heard a car ringing a bell about 30 feet away; and that, as the horse got upon the track and turned around to go down town, the car came along, struck the hind wheel of the wagon, and broke it into pieces. Assuming that the jury believed that this account of the officer was a correct account of what happened, taken in connection with the other testimony in the case, the defendant was not entitled to the direction of a verdict. If the milk wagon had turned onto the track when the car was 30 feet away, it was still the duty of the motorman to do what he could to avoid the collision, and whether his efforts in that direction would have been successful depended upon the speed of the car, and the distance within which the car could be stopped. The defendant would have been justified in asking to have the jury instructed that if the plaintiff turned onto the track when the car was at such a distance that it could not have been stopped, or its speed checked sufficiently to avoid the accident, they could not find the motorman negligent; but that is a different proposition from that here presented. As a general proposition, this request was too broad. It would have instructed the jury that they must find a verdict for the defendant, although the motorman might have so checked the speed of the car before the collision, and after he saw the wagon upon the track, that the force of the collision would not have been sufficient to throw the plaintiff to the sidewalk and injure him as it did. The car struck the wagon a severe blow. The wagon was demolished. Both the plaintiff and his companion upon the wagon were thrown off and injured. I think, therefore, that there was no error in refusing this instruction.

Attention is also called to an exception to the court's allowing a question asked of a physician called for the plaintiff, but I do not think that would justify us in reversing the judgment. The trial was on May 6, 1902, and the physician testified that he had examined the plaintiff on February 8, 1902; that he then found what he called a "crepitus of the shoulder joint," which indicated an old inflammation of the joint. He was then asked:

"Could that condition have been caused by a severe contusion, or a contusion of that shoulder on the 4th day of July, 1900, caused by his being thrown out of a wagon?"

There was testimony in the case that the plaintiff's right shoulder was injured by the accident; that before the accident it was in good condition, but that since the accident it had caused plaintiff pain when he attempted to use it; that since the accident there seemed to be something loose in the shoulder; and that he had never had any trouble before the accident. In view of this testimony, it was not incompetent for the plaintiff to prove that such a condition as the physician saw could be caused by such an injury as the plaintiff sustained on the 4th of July, 1900. The witness was asked a hypothetical question as to the cause of the condition that he found when he examined the plaintiff shortly before the trial, and I think it was quite competent to prove that the condition he found was such as would follow from such an accident as the plaintiff had testified he had received. There was testimony to justify a finding that the contusion was a severe one, and upon the undisputed testimony it is quite evident that this condition

of the shoulder was the direct result of this injury. The competency of this question was sustained by the case of Bruss v. Railway Co., 66 App. Div. 554, 73 N Y. Supp. 256.

The defendant also claims that the verdict is excessive. It was for $1,500, and if the jury believed that the usefulness of the plaintiff's arm was impaired, as his evidence tended to show, the verdict was not excessive.

Upon the whole case, I think the judgment and order should be affirmed, with costs. All concur, except VAN BRUNT, P. J. who dissents.