EDWARD WAGNER, by his Guardian ad Litem, LOUIS EHRHARDT Respondent, *v.* METROPOLITAN STREET RAILWAY COMPANY, Appellant.

*Negligence — collision between a wagon and a street car — charge to the jury to render a verdict for the defendant if a certain witness be believed, or if the motorman could not stop in time to avoid the accident — testimony of a physician that the condition of the plaintiff at the trial might have resulted from the collision — verdict of $1,500 not excessive.*

Where, upon the trial of an action brought to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant, the court instructs the jury to determine from the whole evidence whether the defendant was guilty of negligence and whether the plaintiff was guilty of contributory negligence, it is not obliged to charge, as matter of law, that if they believed the testimony of any one witness as to a particular fact they should find a verdict for the defendant.

Where the action is brought to recover for injuries sustained by the plaintiff in a collision between a wagon in which the plaintiff was riding and one of the defendant's street cars, the court may properly refuse to charge that if the accident " happened by reason of the wagon starting to go to the east onto the track and at a time when the car was only thirty feet away, and if the motorman could not at that time by the exercise of ordinary care have stopped his car in time to avoid an accident, that then it is their duty to find a verdict for

the defendant," as it might well be that the motorman might have so far checked the car that the collision would not have injured the plaintiff.

Where it appears that the accident occurred on July 4, 1900, and that, as a result thereof, the plaintiff sustained an injury to his shoulder; that before the accident his shoulder was in good condition, but that since the accident it had caused the plaintiff considerable pain and there seemed to be something loose in the shoulder, a physician who examined the plaintiff on February 8, 1902, three months prior to the trial, and who testified that he found a crepitus of the shoulder joint, which indicated an old inflammation of that joint, may properly be asked, " Could that condition have been caused by a severe contusion or a contusion of that shoulder on the 4th day of July, 1900, caused by his being thrown out of a wagon?"

A verdict of $1,500 in favor of the plaintiff will not be set aside as excessive where it appears that the usefulness of the plaintiff's arm was impaired by the accident.

VAN BRUNT, P. J., dissented.

APPEAL by the defendant, the Metropolitan Street Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of May, 1902, upon the verdict of a jury for $1,500, and also from an order entered in said clerk's office on the 28th day of May, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Arthur Ofner,* for the appellant.

*Henry A. Powell,* for the respondent.

INGRAHAM, J. :

The plaintiff testified that on the 4th of July, 1900, he started off on his regular milk route, driving a milk wagon belonging to his employer; that he drove upon Third avenue at Forty-seventh street on the west side, between the elevated pillars and the sidewalk; that when just south of Forty-fifth street, he turned on the south-bound track of the defendant's railway; that when he pulled on the track he looked to see whether any cars were coming or not; that the street was well lighted; he could see from five to six blocks; that he drove on the south-bound track down to Forty-fourth street, and during that time he again looked for a car, but could see none; that when he got to Forty-fourth street he turned off the car tracks upon the north crosswalk of Forty-fourth street, turning

towards the west; that when he was half off the track one of the defendant's cars struck him, causing injuries for which he seeks to recover in this action.

The defendant upon this appeal concedes that the case was a proper one for the jury, and relies upon an exception taken to the charge, and one to the admission of evidence. The first is an exception to a refusal to charge that "if the jury should find that the accident happened in the way testified to by Officer Conovan, called as a witness on behalf of the plaintiff, namely, that it happened by reason of the wagon starting to go to the east onto the track and at a time when the car was only thirty feet away, and if the motorman could not at that time by the exercise of ordinary care have stopped his car in time to avoid an accident, that then it is their duty to find a verdict for the defendant." In answer to that request the court said: "I refuse to charge in that language. It is for you to consider Officer Conovan's evidence in connection with the testimony given by the other witnesses, and to determine whether or not the defendant was guilty of negligence or the plaintiff guilty of contributory negligence." Counsel for the defendant excepted to the court's refusal to charge as requested and also to the modification of the charge.

The court had before instructed the jury that to find for the plaintiff they must find affirmatively that the defendant was negligent in the management and operation of the car, and that the plaintiff was free from contributory negligence, expressly instructing the jury that if they should reach the conclusion that the defendant was not guilty of negligence they must find for the defendant, and if they should find that the plaintiff was guilty of negligence in any degree, then they must find for the defendant. The court thus submitted the question of the defendant's negligence in the management and operation of the car, and the question of the plaintiff's freedom from contributory negligence, to the jury, and the jury were instructed to determine those questions from the whole evidence. Negligence of the defendant was a concrete fact, upon proof of which the right of the plaintiff to recover depended. In this case the court was not required to charge as a matter of law that if the jury believed the testimony of any one

witness as to a particular fact they should find a verdict for the defendant. Officer Conovan had been called as a witness for the plaintiff. He testified that he was standing on the corner of Forty-fourth street and saw a horse and wagon turn upon the Third avenue railroad track; that at that time he heard a car ringing a bell about thirty feet away, and that as the horse got upon the track and turned around to go down town the car came along, struck the hind wheel of the wagon and broke it into pieces. Assuming that the jury believed that this account of the officer was a correct account of what happened, taken in connection with the other testimony in the case, the defendant was not entitled to the direction of a verdict. If the milk wagon had turned upon the track when the car was thirty feet away, it was still the duty of the motorman to do what he could to avoid the collision, and whether his efforts in that direction would have been successful depended upon the speed of the car and the distance within which the car could be stopped. The defendant would have been justified in asking to have the jury instructed that if the plaintiff turned upon the track when the car was at such a distance that it could not have been stopped, or its speed checked sufficiently to avoid the accident, that they could not find the motorman negligent, but that is a different proposition from that here presented. As a general proposition this request was too broad. It would have instructed the jury that they must find a verdict for the defendant, although the motorman might have so checked the speed of the car before the collision, and after he saw the wagon upon the track, that the force of the collision would not have been sufficient to throw the plaintiff to the sidewalk and injure him as it did. The car struck the wagon a severe blow. The wagon was demolished. Both the plaintiff and his companion upon the wagon were thrown off and injured. I think, therefore, that there was no error in refusing this instruction.

Attention is also called to an exception to the court's allowing a question asked of a physician called for the plaintiff, but I do not think that would justify us in reversing the judgment. The trial was on May 6, 1902, and the physician testified that he had examined the plaintiff on February 8, 1902; that he then found what he called a crepitus of the shoulder joint, which indicated an old inflammation of the joint. He was then asked: " Could that condition have

been caused by a severe contusion or a contusion of that shoulder on the 4th day of July, 1900, caused by his being thrown out of a wagon?" There was testimony in the case that the plaintiff's right shoulder was injured by the accident; that before the accident it was in good condition, but that since the accident it had caused plaintiff pain when he attempted to use it; that since the accident there seemed to be something loose in the shoulder and that he had never had any trouble before the accident. In view of this testimony it was not incompetent for the plaintiff to prove that such a condition as the physician found on February 8, 1902, could have been caused by such an injury as the plaintiff sustained on the 4th of July, 1900. The witness was asked a hypothetical question as to the cause of a condition that he found when he examined the plaintiff shortly before the trial, and I think it was quite competent to prove that the condition he found was such as would follow from such an accident as the plaintiff had testified he had received. There was testimony to justify a finding that the contusion was a severe one, and upon the undisputed testimony it is quite evident that this condition of the shoulder was the direct result of this injury. The competency of this question was sustained by the case of *Bruss* v. *Met. St. Ry. Co.* (66 App. Div. 554).

The defendant also claims that the verdict is excessive. It was for $1,500, and if the jury believed that the usefulness of the plaintiff's arm was impaired, as his evidence tended to show, the verdict was not excessive.

Upon the whole case, I think the judgment and order should be affirmed, with costs.

O'BRIEN, McLAUGHLIN and HATCH, JJ., concurred; VAN BRUNT, P. J., dissented.

Judgment and order affirmed, with costs.