RESNICK v. JOLINE et al. (two cases).

(Supreme Court, Appellate Term.   January 8, 1909.)

1. APPEAL AND ERROR (§ 1002*)—REVIEW—CONFLICTING EVIDENCE.
    A verdict for plaintiff on conflicting evidence will not be disturbed on appeal merely because a disinterested witness corroborated the evidence of defendant's witnesses, which, if true, showed nonliability.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3938; Dec. Dig. § 1002.*]

2. EVIDENCE (§ 528*)—EXPERTS—CAUSE AND EFFECT.
    Expert evidence as to the probable causal connection between defendant's alleged negligence and an injury claimed to have resulted therefrom was admissible.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2336, 2337; Dec. Dig. § 528.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Actions by Harris Resnick and by Frank Resnick against Adrian H. Joline and another, as receivers of the New York City Railway Company. From Municipal Court judgments for plaintiff in each case, defendants appeal.   Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Anthony J. Ernest, for appellants.
Moses N. Schleider, for respondents.

BISCHOFF, J.   The plaintiff called two disinterested witnesses, who testified to the happening of the accident under circumstances which clearly imported negligence of the car driver as the sole cause. We fail to find that the testimony of these witnesses was in any sense contradictory upon a reasonable construction, and this court would not be justified in directing a new trial upon the theory that the preponderance of evidence was with the defendants, merely because a disinterested witness corroborated the driver and conductor in their account of the accident itself.   Neither story was inherently improbable, and the issue was distinctly one of simple credibility.

Upon the question whether the child's parents used due care in guarding him, the proof supports a reasonable inference that his momentary escape from control was due to no lack of ordinary vigilance upon their part in causing him to be guarded and attended; and, so far as error is asserted in the reception of evidence of the causal connection between the accident and the injuries, the objection taken to the hypothetical question was too general in form to present the point now sought to be raised, and, indeed, the expert evidence referred to, as to the probable causal connection, was competent.   Wagner v. Railway Co., 79 App. Div. 594, 80 N. Y. Supp. 191; Bruss v. Railway Co., 66 App. Div. 559, 73 N. Y. Supp. 256.

Judgments affirmed, with costs.   All concur.