## COPELAND v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. ˢJanuary 10, 1902.)

STREET RAILWAYS—PERSONAL INJURIES—PEDESTRIANS—QUESTION FOR JURY.

> Plaintiff and her son, walking in the direction in which an approaching car was going, and wishing to board such car, started diagonally across the street to the corner where the car could be stopped. When on the first track, and when the car was about 100 feet distant, plaintiff saw her son signal it to stop, and she continued across without looking around; but the motorman disregarded the signal, and did not decrease the speed or ring the bell, in consequence of which the plaintiff was struck as she was stepping from the track. *Held*, that the question of contributory negligence was for the jury.

> Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from trial term, New York county.

Action by Johanna M. Copeland against the Metropolitan Street Railway Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

The action was brought to recover for personal injuries sustained by the plaintiff, who was struck by a north-bound Eighth avenue car at the north crossing of Ninety-Ninth street on the afternoon of September 11, 1898, while she was attempting to pass in front of it in order to get aboard; her son having previously signaled for the car to stop. The plaintiff testified that she left her house that day with her son and her sister, and they walked along the south side of Ninety-Ninth street to Central Park West, where the tracks are upon the easterly side of the avenue; that from there she saw her car at about Ninety-Eighth street, and left her sister on the corner, waiting for a south-bound car, while she and her son walked on out to the middle of the avenue, and when she was midway between the south-bound tracks both she and her son saw the north-bound car about half a block away, and her son raised his hand to signal it to stop for them and she proceeded, without looking around again, in a slanting direction, to the northeast corner, where the cars stopped, and during her progress heard no sound of warning, but only the rumbling which she had heard when the car was half a block away; that she had her right foot on the sidewalk, and was just in the act of stepping up, when the fender of the car struck her in the back of the left leg, on her boot, and threw her into the gutter, breaking her leg in two places, and inflicting other injuries; that, after striking her, the car went two lengths before stopping. The plaintiff's son testified that the distance from where the car was when he signaled to the place where the accident occurred was 130 feet, by measurement, and that the distance from where he signaled and his mother started diagonally to the northeast corner to the place of the accident was 32 feet; that, when he signaled, the motorman beckoned with his left hand over his shoulder; that the car was going 10 or 12 miles an hour, and he heard no bell rung; that he himself stood where he signaled, looking at the car, and did not see his mother again till she was struck, and the car stopped two lengths further on. At the close of the plaintiff's case the complaint was dismissed, the motion being granted as requested by the defendant upon the ground that

the plaintiff had wholly failed to show freedom from contributory negligence; and from the judgment so entered, the plaintiff appeals.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ.

J. Brownson Ker, for appellant.
Theodore H. Lord, for respondent.

O'BRIEN, J.   It may be assumed, in view of the reason assigned for dismissing the complaint, that the defendant's counsel was impressed with the fact that a prima facie case had been made out, bearing upon the defendant's negligence.   Whether he was or not, however, we think, from the evidence presented, that the motorman should have seen the plaintiff, who was in full view, endeavoring to cross the avenue to enable her to be in a position to take the car, and that it was incumbent upon him either to slow down to avoid an accident, or else to give her some warning of his intention to proceed with undiminished speed.   He, however, did neither, but, in response to the signal made by the son to stop, pointed over his shoulder; thus probably intimating that the car was not to stop to take on passengers at that place, and that the son must wait for the next car.   But that such intimation had been given was unknown to the plaintiff.   The testimony, therefore, that the motorman continued to approach the crossing at full or very rapid speed, without ringing any bell or giving any warning, at a time when the plaintiff was passing across the track with a view to reaching the sidewalk, where she could board the car, and after he had the opportunity to see her when he was over half a block away, was sufficient evidence from which the jury might infer that he failed to observe that duty which he owed to her.

We are thus brought to consider the evidence from the standpoint from which the court viewed it in dismissing the complaint on the ground that the plaintiff had failed to show that she was free from contributory negligence.   We do not understand the rule to be, with respect to the rapid passage of electric cars, that a person seeing a car in the distance is obliged to wait until it has passed and cars are no longer in sight; for, with the short headway between cars, there is hardly a moment of the day when there would be such a situation.   On the contrary, we have many times held that pedestrians are entitled to a reasonable use of the streets and street crossings, and, when exercising such rights, they are justified in assuming that those managing the cars will respect them.   If this is not the rule, and motormen are not required to observe some care in allowing pedestrians the reasonable use of streets and crossings, then, should they desire to cross our busy streets and avenues, in which electric cars are constantly passing, they could never get over, or, if they did, it would only be at the risk of life and limb.   Here, before proceeding, the plaintiff had observed the position of the approaching car, which, when she was near the track, she saw half a block away, and observed at that moment the signal given by her son to stop it. To board the car, which ran close to the sidewalk, it was necessary that she should be on the sidewalk opposite the north crossing; and,

to reach that point in the shortest way, her direction, as she had start-ed from the south crossing, was diagonally across the track, over which she concluded she could pass in safety. She, no doubt, thought that the signal given by her son would cause the car to slow down or to stop; and that in such event she would have crossed in safety is apparent from the fact that without the motorman having done any-thing, so far as appears, to check the speed of the car, she had al-most reached the sidewalk opposite the north crossing, and had her right foot on the sidewalk, and was in the act of placing her left foot thereon,—it being raised from the ground for that purpose,—when she was struck by the rapidly passing car, which did not stop after the accident occurred until it had gone two lengths further on. The plaintiff's judgment, therefore, that she could cross in safety, was in fault only because of the fact that the motorman had decided not to stop, and did not, in answer to the signal, slow down; nor did he, by the ringing of the bell, notify her of his intentions. Had he rung the bell, thus indicating the nearness of the car, she could have accelerat-ed her steps and reached a point of safety. It cannot be said that, as matter of law, this plaintiff was guilty of contributory negligence, since it appears she had seen the car at a distance which she thought sufficient to enable her to cross in safety, and her judgment was at fault only because the unusual and exceptional thing occurred,—of the motorman, after the signal was given him to stop, and while she was in plain sight, crossing the track, failing to stop or to slow down at the crossing, or to give warning, by ringing the bell, of his inten-tion to proceed at undiminished speed. There are two circumstances which would, no doubt, have some weight with the jury, namely, that after seeing the car when near the track, and starting to cross it diagonally, the plaintiff did not again look, and that during such time she heard the rumbling of the wheels. The rumbling, in itself, how-ever, would not be a warning, because she had heard this when the car was half a block away, and she expected such sound to continue until the car stopped at the crossing. And, as to her failure to look at the car, she could not very well do so, considering the direction in which she was walking, without turning nearly around; and not only would this have been difficult, but it would have tended to retard her progress, and thus increase the risk of reaching the sidewalk in safety. These circumstances, as stated, are to be considered by the jury; but they are not, in our opinion, sufficient to justify the inference, as mat-ter of law, that the plaintiff was guilty of contributory negligence.

Upon the whole case, therefore, we think that the question of con-tributory negligence, as well as of the defendant's negligence, should have been submitted to the jury, and that the dismissal of the com-plaint at the close of the plaintiff's case was error, for which the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

HATCH and INGRAHAM, JJ., concur. VAN BRUNT, P. J., and McLAUGHLIN, J., dissent.