JOANNA M. COPELAND, Appellant, *v.* METROPOLITAN STREET RAIL-
WAY COMPANY, Respondent.

*Negligence — injury to a woman, who had notified a car to stop, from its running
against her while she was attempting to pass before it to reach the proper side
from which to enter it.*

In an action brought to recover damages for personal injuries, the plaintiff testi-
fied that she and her son walked along the south side of Ninety-ninth street to
Central Park West for the purpose of boarding one of the defendant's street
cars which were operated upon the easterly side of that avenue; that when she
had reached a point midway between the south-bound tracks, she and her son
saw a north-bound car about half a block away and that her son raised his
hand to signal it to stop for them; that without looking around again she pro-
ceeded diagonally to the northeast corner where the cars stopped; that during
her progress she heard no sound of warning, but only the rumbling which she
had heard when the car was half a block away; that she had her right foot on
the sidewalk and was in the act of placing her left foot there, when the fender
of the car struck her left foot and threw her into the gutter, causing her to
sustain the injuries in question; that after striking her, the car went two
lengths without stopping.

The plaintiff's son testified that the distance from the point where the car was
when he gave the signal to the place where the accident occurred was 130 feet,
and that the distance from the point where he signaled, and where his mother
started diagonally to the northeast corner, to the place of the accident, was 32
feet; that when he signaled, the motorman beckoned with his left hand over
his shoulder; that the car was going ten or twelve miles an hour, and that he
heard no bell rung. It did not appear that the plaintiff saw the motorman
beckon.

*Held,* that the questions of the defendant's negligence and of the plaintiff's
freedom from contributory negligence should have been submitted to the
jury, and that it was error for the court to dismiss the complaint at the close
of the plaintiff's case.

APPEAL by the plaintiff, Joanna M. Copeland, from a judgment
of the Supreme Court in favor of the defendant, entered in the
office of the clerk of the county of New York on the 19th day of
June, 1901, upon the dismissal of the complaint by direction of the
court after a trial at the New York Trial Term.

The action was brought to recover for personal injuries sustained
by the plaintiff, who was struck by a north-bound Eighth avenue
car at the north crossing of Ninety-ninth street on the afternoon of
September 11, 1898, while she was attempting to pass in front of it

in order to get aboard, her son having previously signalled for the car to stop.

The plaintiff testified that she left her house that day with her son and her sister, and they walked along the south side of Ninety-ninth street to Central Park West, where the tracks are upon the easterly side of the avenue; that from there she saw her car at about Ninety-eighth street, and left her sister on the corner waiting for a south-bound car, while she and her son walked on out to the middle of the avenue, and when she was midway between the south-bound tracks both she and her son saw the north-bound car about half a block away, and her son raised his hand to signal it to stop for them, and she proceeded, without looking around again, in a slanting direction to the northeast corner where the cars stopped, and, during her progress, heard no sound of warning, but only the rumbling which she had heard when the car was half a block away; that she had her right foot on the sidewalk and was just in the act of stepping up when the fender of the car struck her in the back of the left leg on her boot and threw her into the gutter, breaking her leg in two places and inflicting other injuries; that after striking her the car went two lengths before stopping. The plaintiff's son testified that the distance from where the car was when he signalled to the place where the accident occurred, was 130 feet by measurement, and that the distance from where he signalled and his mother started diagonally to the northeast corner to the place of the accident was 32 feet; that when he signalled, the motorman beckoned with his left hand over his shoulder; that the car was going ten or twelve miles an hour and he heard no bell rung; that he himself stood where he signalled looking at the car and did not see his mother again till she was struck, and the car stopped two lengths further on.

At the close of the plaintiff's case the complaint was dismissed, the motion being granted as requested by the defendant upon the ground that the plaintiff had wholly failed to show freedom from contributory negligence; and from the judgment so entered, the plaintiff appeals.

*J. Brownson Ker*, for the appellant.

*Theodore H. Lord*, for the respondent.

O'BRIEN, J. :

It may be assumed in view of the reason assigned for dismissing the complaint that the defendant's counsel was impressed with the fact that a *prima facie* case had been made out bearing upon the defendant's negligence.   Whether he was or not, however, we think from the evidence presented that the motorman should have seen the plaintiff, who was in full view endeavoring to cross the avenue to enable her to be in a position to take the car, and that it was incumbent upon him either to slow down to avoid an accident or else to give her some warning of his intention to proceed with undiminished speed.   He, however, did neither; but, in response to the signal made by the son to stop, pointed over his shoulder, thus probably intimating that the car was not to stop to take on passengers at that place and that the son must wait for the next car.   But that such intimation had been given was unknown to the plaintiff.   The testimony, therefore, that the motorman continued to approach the crossing at full or very rapid speed without ringing any bell or giving any warning at a time when the plaintiff was passing across the track with a view to reaching the sidewalk, where she could board the car, and after he had the opportunity to see her when he was over half a block away, was sufficient evidence from which the jury might infer that he failed to observe that duty which he owed to her.

We are thus brought to consider the evidence from the standpoint from which the court viewed it in dismissing the complaint on the ground that the plaintiff had failed to show that she was free from contributory negligence.   We do not understand the rule to be, with respect to the rapid passage of electric cars, that a person seeing a car in the distance is obliged to wait until it has passed and cars are no longer in sight, for with the short headway between cars there is hardly a moment of the day when there would be such a situation.   On the contrary, we have many times held that pedestrians are entitled to a reasonable use of the streets and street crossings, and, when exercising such rights, they are justified in assuming that those managing the cars will respect them.   If this is not the rule, and motormen are not required to observe some care in allowing pedestrians the reasonable use of streets and crossings, then, should they desire to cross our busy streets and avenues, in

which electric cars are constantly passing, they could never get over, or, if they did, it would only be at the risk of life and limb.

Here, before proceeding, the plaintiff had observed the position of the approaching car which, when she was near the track, she saw half a block away, and observed at that moment the signal given by her son to stop it. To board the car, which ran close to the sidewalk, it was necessary that she should be on the sidewalk opposite the north crossing, and to reach that point in the shortest way, her direction, as she had started from the south crossing, was diagonally across the track over which she concluded she could pass in safety. She no doubt thought that the signal given by her son would cause the car to slow down or to stop; and that in such event she would have crossed in safety is apparent from the fact that, without the motorman having done anything so far as appears to check the speed of the car, she had almost reached the sidewalk opposite the north crossing, and had her right foot on the sidewalk and was in the act of placing her left foot thereon, it being raised from the ground for that purpose, when she was struck by the rapidly passing car, which did not stop after the accident occurred until it had gone two lengths further on. The plaintiff's judgment, therefore, that she could cross in safety was in fault only because of the fact that the motorman had decided not to stop, and did not, in answer to the signal, slow down; nor did he, by the ringing of the bell, notify her of his intentions. Had he rung the bell, thus indicating the nearness of the car, she could have accelerated her steps and reached a point of safety.

It cannot be said that, as matter of law, this plaintiff was guilty of contributory negligence, since it appears that she had seen the car at a distance which she thought sufficient to enable her to cross in safety, and that her judgment was at fault only because the unusual and exceptional thing occurred of the motorman — after the signal was given him to stop and while she was in plain sight crossing the track — failing to stop or to slow down at the crossing, or to give warning, by ringing the bell, of his intention to proceed at undiminished speed.

There are two circumstances which would, no doubt, have some weight with the jury, namely, that after seeing the car, when near the track and starting to cross it diagonally, the plaintiff did not

again look, and that during such time she heard the rumbling of the wheels. The rumbling in itself, however, would not be a warning, because she had heard this when the car was half a block away, and she expected such sound to continue until the car stopped at the crossing; and as to her failure to look at the car she could not very well do so, considering the direction in which she was walking, without turning nearly around, and not only would this have been difficult, but it would have tended to retard her progress and thus increase the risk of reaching the sidewalk in safety. These circumstances, as stated, are to be considered by the jury, but they are not, in our opinion, sufficient to justify the inference as matter of law that the plaintiff was guilty of contributory negligence.

Upon the whole case, therefore, we think that the question of contributory negligence, as well as of the defendant's negligence, should have been submitted to the jury, and that the dismissal of the complaint at the close of the plaintiff's case was error, for which the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

INGRAHAM and HATCH, JJ., concurred; VAN BRUNT, P. J., and McLAUGHLIN, J., dissented.

Judgment reversed, new trial ordered, costs to appellant to abide event.