## COPELAND v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. January 23, 1903.)

**1. RES JUDICATA—FORMER APPEAL—SUBSEQUENT TRIAL.**

The decision, on appeal from a nonsuit in an action for personal injuries, that the questions of defendant's negligence and plaintiff's contributory negligence· are for the jury, is res judicata on the subsequent trial of the action, where plaintiff's evidence is the same as on the former trial.

**2. APPEAL—REVIEW—WEIGHT OF EVIDENCE.**

A verdict for plaintiff on a question of fact will not be disturbed as against the weight of the evidence, though the evidence on defendant's part is sustained by a greater number of witnesses.

**3. SAME—CONTRIBUTORY NEGLIGENCE.**

A pedestrian, after signaling an approaching car about half a block away to stop at the place passengers are customarily taken on, is not negligent, as a matter of law, in proceeding diagonally across the tracks to such place, and in assuming that the motorman, as the car approaches the stopping place, will use reasonable care to permit her to cross in safety.

**4. SAME**

The pedestrian was not guilty of negligence, as a matter of law, for failing to look behind her after she had started in her diagonal course across the tracks.

**5. INSTRUCTIONS—EXCEPTIONS—SUFFICIENCY.**

Where, in an action for personal injuries, the evidence justifies a finding that plaintiff will suffer pain from the injuries in the future, an exception generally to an instruction permitting an award of damages for future pain, mental and physical, on the ground that there is no proof warranting the jury in allowing damages for future pain, does not present the question of the correctness of the instruction so far as it allows damages for future mental pain.

Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from trial term, New York county.

Action by Johanna Copeland against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a motion on the minutes of the court for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Bayard H. Ames, for appellant.
M. P. O'Connor, for respondent.

LAUGHLIN, J. On Sunday, the 11th day of September, 1898, about 3 o'clock in the afternoon, the plaintiff was struck and injured by a north-bound car on the defendant's track in Eighth avenue at the usual place of stopping of north-bound cars for passengers at Ninety-Ninth street. The first points urged on behalf of the appellant are that the plaintiff was guilty of contributory negligence, and that the defendant was not negligent. On a former trial of this action the plaintiff was nonsuited at the close of her case. The evidence presented on behalf of the plaintiff on this trial is the same as that presented on the previous trial. On appeal from the judgment entered on the nonsuit this court held that both questions of negli-

gence were questions of fact, which should have been submitted to the jury.   Copeland v. Railway Co., 67 App. Div. 483, 73 N. Y. Supp. 856.   That decision is res adjudicata of the plaintiff's right, on this evidence, to have her case submitted to the jury, and those questions require no further consideration by this court.

Counsel for the appellant also contends that the verdict on those questions is against the weight of the evidence, and that the motion for a new trial on that ground should have been granted.   Much of the testimony adduced in behalf of the defendant is either conflicting or improbable, and some of it tends to establish negligence on the part of the motorman and freedom from contributory negligence on the part of the plaintiff.   The evidence on the part of the defendant preponderates only in the number of witnesses by which it is given.   It cannot be said to preponderate in probative force, and we would not be justified in disturbing the verdict of the jury upon this ground.

The court instructed the jury, among other things, that:

"The plaintiff was not bound as matter of law, although she saw the car coming towards her in the distance, to wait until it had passed her, but she had a right to rely upon the motorman exercising due and reasonable care to permit her to cross the track in safety."

The defendant excepted, and urges this exception on the appeal. At the time the plaintiff saw the car coming she and her son were at the westerly side of the south-bound track on the line of the southerly cross-walk of Ninety-Ninth street, and the car, according to their evidence, was in the middle of the block below them, and the son had signaled the motorman to stop, as his mother desired to board the car.   She then proceeded from that point diagonally across the tracks to the place at the northerly line of Ninety-Ninth street, where the cars customarily stopped for passengers, and was struck just as she was leaving the track, when she had one foot upon the curb and was lifting the other from the rail.   On these facts the charge was not erroneous.   It cannot be held, as matter of law, in these circumstances, that she was guilty of negligence in proceeding across the tracks and in assuming that the motorman, as the car approached this stopping place, toward which she was apparently hurrying to board his car, would use reasonable care to permit her to cross in safety.   Costello v. Railroad Co., 161 N. Y. 317, 55 N. E. 897; Handy v. Railway Co., 70 App. Div. 26, 74 N. Y. Supp. 1079; Legare v. Railway Co., 61 App. Div. 202, 70 N. Y. Supp. 718; Totarella v. Railway Co., 53 App. Div. 413, 65 N. Y. Supp. 1044; Hoyt v. Railroad Co., 73 App. Div. 249, 76 N. Y. Supp. 832.

The court also instructed the jury that "no duty was imposed, as matter of law, on the part of the plaintiff, to look behind her after she started in her diagonal course across the tracks of the defendant company; but this question is one of fact to be decided by the jury." Counsel for the defendant also excepted to this charge, and contends that it was erroneous.   It appeared upon the former trial that the plaintiff did not look around, after seeing the car in the middle of the block and starting on her diagonal course.   It necessarily follows from the former decision of this court that she was not chargeable with negli-

gence, as matter of law, in not looking around; otherwise there was no propriety in holding that the case must be submitted to the jury.

The injuries sustained by the plaintiff consisted of a bruise on the head, a cut over the eye, a bruise on the right side, and a fracture of both bones of the left leg below the knee, and injuries to her back, the muscles being strained. Her physician testified that "she suffered a great deal of pain." Her limb was in a plaster of paris case for six or seven weeks, and bandaged for a time thereafter. According to the evidence of the physician, there was a good union of the bones, and the ordinary recovery in such cases. Her head was bandaged for two weeks. She was a seamstress. She testified: "This was a painful injury to my leg, extremely painful. I feel the effects of that injury to this day." That even now, when she works her sewing machine steadily with her foot, or does washing, she has "to give it up to rest." The verdict of $1,000 is not large, and no claim that it is excessive is made or urged on the part of the appellant. The appellant, however, in its desire to obtain a new trial, urges an exception to the charge on the question of damages. The court instructed the jury that they might compensate the plaintiff for "the pain and suffering mentally and physically endured by her in the past by reason of these injuries," and that, if they were "prepared to say upon the evidence that she will be called upon to endure further pain and suffering, both mentally and physically, or either, in the future, within reasonable certainty," compensation for such pain and suffering might also be awarded. On the evidence the jury would have been justified in finding that the plaintiff would sustain pain and suffering from these injuries to some extent at times in the future; but, of course, there was no evidence to justify a finding that she would endure pain or suffering "mentally" in the future as a necessary consequence of the injuries. Counsel for the defendant, however, in excepting to this charge, failed to call the attention of the court to the suggestion—evidently due to inadvertence— that the jury might award compensation for future mental pain or suffering, and merely excepted generally to the court permitting the jury to award compensation for further pain and suffering in the future from the accident, saying that, "The defendant's contention being that there is no proof which would warrant the jury in making any allowance whatever for future pain and suffering." The charge was incorrect, but the exception did not and was not intended to relate to the objectionable feature. Counsel contended on the trial, as on this appeal, generally, that no allowance could be made for future pain or suffering. In view of the amount of the verdict, however, it is clear that the defendant was not prejudiced by this charge, and the exception presents no ground for reversal.

It follows that the judgment and order should be affirmed with costs.

PATTERSON and O'BRIEN, JJ., concur. VAN BRUNT, P. J., and McLAUGHLIN, J., dissent.