JOHN J. REED, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

*Negligence — injury to a passenger alighting from and passing behind a north-bound car, who is run into by a south-bound car.*

In an action brought against a corporation which operated a street railroad on Eighth avenue, in the city of New York, to recover damages for personal injuries sustained by the plaintiff, the latter gave evidence tending to show that, about five o'clock on the afternoon of the day of the accident he alighted from one of the defendant's north-bound Eighth avenue cars at a street intersection; that he stopped at the curb, which was quite close to the track, looked up the avenue to see if a south-bound car was approaching, but neither saw nor heard any; that he passed around the rear of the north-bound car which still remained standing, and, without looking after passing the north-bound car, stepped over the easterly rail of the south-bound track, when he was immediately struck by a south-bound car.

*Held,* that the question of the defendant's negligence and of the plaintiff's freedom from contributory negligence were properly submitted to the jury, and that a judgment entered upon a verdict in favor of the plaintiff should be affirmed.

VAN BRUNT, P. J., and INGRAHAM, J., dissented.

APPEAL by the defendant, the Metropolitan Street Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of February, 1903, upon the verdict of a jury for $650, and also from an order entered in said clerk's office on the 18th day of February, 1903, denying the defendant's motion for a new trial made upon the minutes.

*Henry Melville,* for the appellant.

*S. K. Lichtenstein,* for the respondent.

HATCH, J.:

This is an action brought to recover damages for personal injuries claimed to have been caused by defendant's negligence. It was disclosed by the evidence that on March 27, 1900, about five o'clock in the afternoon, the plaintiff alighted from an Eighth avenue car, bound northerly, at Eighty-first street and Central Park West, stopped at the curb, which is quite close to the rail, looked up to see if a car was coming on the downtown track, observed none, and heard no sound of any when he passed to the rear of the car from which he had alighted and which still remained standing; and without looking after passing the car, stepped over the easterly rail of the south-bound track, when he was immediately struck by the car upon that track and received the injuries of which he complains. The proof was conflicting upon the subject as to whether the bell was being sounded upon the south-bound car which struck the plaintiff. The plaintiff testified that he listened for it, but did not hear it, while the testimony upon the part of the defendant is that it was ringing its bell, and the plaintiff, instead of getting onto the track, ran into the car. Upon the question of the negligence of the defendant in the operation of the car, we think the case was for the jury. The question whether the plaintiff was guilty of contributory negligence in not looking to see if the south-bound car was coming, after he had passed the standing car from which he had alighted, is one not free from difficulty. If the jury credited plaintiff's statement, as they might, they were authorized to find that he did not heedlessly go upon the track, but that he looked and listened for the approaching car. The defendant had carried the plaintiff as a passenger to this point, and it was chargeable with notice that passengers, when they alight from cars at the place where the defendant delivers them, are liable to cross to the opposite side of the street, and hence over the adjoining track, and the obligation is imposed upon the defendant to exercise reasonable care in the operation of its cars, having regard to such condition. When, therefore, the plaintiff looked and listened to see if this car was approaching before he passed upon the track, a condition was cre-

ated where, we think, the court is not authorized to say as matter of law that he was guilty of contributory negligence. Such question was for the jury (*McGreevy* v. *Buffalo Ry. Co.*, 145 N. Y. 621; 65 N. Y. St. Repr. 866), where was presented a case quite similar in its facts, and a verdict for the plaintiff therein was sustained. (*Oldenburg* v. *N. Y. C. & H. R. R. R. Co.*, 124 N. Y. 414.) We think a case was made for the jury.

The judgment and order should, therefore, be affirmed, with costs.

PATTERSON and LAUGHLIN, JJ., concurred; VAN BRUNT, P. J., and INGRAHAM, J., dissented.

INGRAHAM, J. (dissenting):

I do not concur in the affirmance of this judgment, as I think there was no evidence to justify a finding that the defendant was negligent or that the plaintiff was free from contributory negligence. The plaintiff testified that he was unable to see the approaching car, and it is quite evident that he could not, as the car from which he had just alighted was between him and the approaching car. He passed behind the car from which he had just alighted and, without looking, stepped upon the easterly rail of the south-bound track, and as he stepped he was struck by the car approaching upon that track. If the plaintiff could not see the approaching car, the motorman of the approaching car could not see the plaintiff; and there is no dispute but that the plaintiff was struck as he first stepped upon the track. There was nothing here that would justify the jury in finding that the defendant was negligent, or that the plaintiff was free from contributory negligence.

I think, therefore, that the judgment appealed from should be reversed and a new trial ordered.

VAN BRUNT, P. J., concurred.

Judgment and order affirmed, with costs.