### REED v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. November 13, 1903.)

1. STREET RAILWAYS—NEGLIGENCE—QUESTION FOR JURY.

Where, in an action against a street railway for injuries sustained by one who, having alighted from a car, while it was still standing passed behind it, and was struck by a car coming from the opposite direction on the other track, plaintiff testified that he listened for a bell, but did not hear one, while defendant's evidence was that the bell was ringing, and that plaintiff ran into the car, the question of negligence on the part of defendant was for the jury.

2. SAME—CARE REQUIRED OF STREET RAILWAY.

A street railway is chargeable with notice that passengers, when they alight from cars, are liable to cross to the opposite side of the street, and over the adjoining track, and the obligation is imposed upon the railway to exercise reasonable care in the operation of its cars, having regard to such condition.

3. SAME—CONTRIBUTORY NEGLIGENCE.

Where one who has alighted from a street car passes behind the same, and, before stepping on to the other track, looks and listens to see if a car is approaching from an opposite direction, but does not see or hear one, he is not, as a matter of law, guilty of contributory negligence in going on the other track.

Van Brunt, P. J., and Ingraham, J., dissenting.

Appeal from Trial Term, New York County.

Action by John J. Reed against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Henry Melville, for appellant.
S. K. Lichtenstein, for respondent.

HATCH, J. This is an action brought to recover damages for personal injuries claimed to have been caused by defendant's negligence. It was disclosed by the evidence that on March 27, 1900, about 5 o'clock in the afternoon, the plaintiff alighted from an Eighth avenue car, bound northerly, at Eighty-First street and Central Park West; stopped at the curb, which is quite close to the rail; looked up to see if a car was coming on the down town track, observed none,

and heard no sound of any when he passed to the rear of the car from which he had alighted, and which still remained standing; and, without looking after passing the car, stepped over the easterly rail of the south-bound track, when he was immediately struck by the car upon that track, and received the injuries of which he complains. The proof was conflicting upon the subject as to whether the bell was being sounded upon the south-bound car which struck the plaintiff. The plaintiff testified that he listened for it, but did not hear it, while the testimony upon the part of the defendant is that it was ringing its bell, and the plaintiff, instead of getting onto the track, ran into the car. Upon the question of the negligence of the defendant in the operation of the car, we think the case was for the jury. The question whether the plaintiff was guilty of contributory negligence in not looking to see if the south-bound car was coming after he had passed the standing car from which he had alighted, is one not free from difficulty. If the jury credited plaintiff's statement—as they might—they were authorized to find that he did not heedlessly go upon the track, but that he looked and listened for the approaching car. The defendant had carried the plaintiff as a passenger to this point, and it was chargeable with notice that passengers, when they alight from cars at the place where the defendant delivers them, are liable to cross to the opposite side of the street, and hence over the adjoining track; and the obligation is imposed upon the defendant to exercise reasonable care in the operation of its cars, having regard to such condition. When, therefore, the plaintiff looked and listened to see if this car was approaching before he passed upon the track, a condition was created where we think the court is not authorized to say as matter of law that he was guilty of contributory negligence. Such question was for the jury. McGreevey v. Buffalo Ry. Co. (Super. Buff.) 31 N. Y. Supp. 1130, affirmed without opinion 145 N. Y. 621, 40 N. E. 164 (where was presented a case quite similar in its facts, and a verdict for the plaintiff therein was sustained); Oldenburg v. N. Y. C. & H. R. R. Co., 124 N. Y. 414, 26 N. E. 1021. We think a case was made for the jury.

The judgment and order should therefore be affirmed, with costs.

PATTERSON and LAUGHLIN, JJ., concur.

INGRAHAM, J. I do not concur in the affirmance of this judgment, as I think there was no evidence to justify a finding that the defendant was negligent, or that the plaintiff was free from contributory negligence. The plaintiff testified that he was unable to see the approaching car, and it is quite evident that he could not, as the car from which he had just alighted was between him and the approaching car. He passed behind the car from which he had just alighted, and, without looking, stepped upon the easterly rail of the south-bound track, and as he stepped he was struck by the car approaching upon that track. If the plaintiff could not see the approaching car, the motorman of the approaching car could not see the plaintiff; and there is no dispute but that the plaintiff was struck as he first stepped upon the track. There was nothing here that would

justify the jury in finding that the defendant was negligent, or that the plaintiff was free from contributory negligence.

I think, therefore, that the judgment appealed from should be reversed, and a new trial ordered.

VAN BRUNT, P. J., concurs.