(89 App. Div. 214.)

McDERMOTT v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. STREET RAILROADS—PERSONAL INJURIES—CROSSING TRACK AT NIGHT—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT.
     It is not negligence per se for a person to attempt to cross the track of a street railroad, at night, 75 feet in front of an approaching electric car.

2. SAME—NEGLIGENCE—QUESTION FOR JURY.
     Evidence in an action for injuries to pedestrian on street car track *held* sufficient to make out a prima facie case of negligence on the part of the street railroad.

Appeal from Special Term, Kings County.

Action by Joseph McDermott against the Brooklyn Heights Railroad Company. From an order dismissing the complaint, plaintiff appeals. Reversed.

¶ 1. See Street Railroads, vol. 44, Cent. Dig. §§ 207, 257.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

George J. O'Keefe, for appellant
I. R. Oeland, for respondent.

WILLARD BARTLETT, J. This is an action to recover damages for personal injuries, in which the complaint was dismissed chiefly on the ground that the evidence established contributory negligence on the part of the plaintiff, as matter of law. The plaintiff was struck and injured by one of the electric cars of the defendant while endeavoring to cross its tracks in the nighttime on Third avenue, near Sixty-Third Street, in the borough of Brooklyn. According to the plaintiff's testimony, and that of a friend who was with him, the car was visible, and was apparently 400 feet distant, when he left the sidewalk to cross Third avenue. He looked up and down the street again when he reached the first rail, and then saw the car about 75 feet away from him. He proceeded on his way, and when about to cross the second rail he was hit by the fender and injured. It has been held that it is not negligence per se for a person to attempt to cross the track of a city street railroad 75 feet in front of an approaching electric car in the daytime (Legare v. Union Railway Co., 61 App. Div. 202, 70 N. Y. Supp. 718); and it seems to me that it must also be deemed a question of fact, rather than a question of law, whether a similar attempt at night constitutes negligence which will bar the injured person from a recovery. This seems to have been the view of the learned trial judge in the present case, for, in his oral opinion delivered in directing the dismissal of the complaint, the negligence which he attributed to the plaintiff was his failure to get off the track in time to save himself after he got there. "The plaintiff," said the court, "could see, and did see; and there was no excuse for his not controlling himself, which he could do without any effort, in an instant of time, by stepping back or stepping forward and getting off, inasmuch as the car was 75 feet away when he first stepped upon the track." The impression of the learned judge appears to have been that the plaintiff needlessly and imprudently loitered between the rails in front of the rapidly approaching car, and thus brought the injury upon himself. If the proof necessarily led to this conclusion, the propriety of dismissing the complaint would be obvious. It is true that the testimony as to the rapidity of the plaintiff's movements is very meager; but he says, "I went right across," and the figures given by a surveyor, who was a witness, when considered in connection with the apparent distance of the car at the time when the plaintiff saw it from the sidewalk, would support the inference that he was walking rapidly enough to have crossed the track before the car reached him unless its speed had been considerably accelerated at or about the time he got to the first rail. If so, can it be said, as matter of law, that his conduct was that of an imprudent person, under the circumstances? I think not. A jury would be at liberty to condemn him as imprudent, in fact, for not hastening his movements, as, indeed, they might hold it to have been negligent, in fact, for him to try to cross in front of a car at night only 75

feet distant; but the question on this appeal is whether only one view, and that adverse to him, can be taken of his conduct at the time of the accident.

The learned trial judge furthermore declared his inability to perceive how the proof had developed any sort of negligence in the running of the car, but I am also of opinion that there was enough to go to the jury on this branch of the case. The plaintiff's friend, who was just behind him, testified that the car was going 15 or 20 miles an hour when it came up and "shot" by, and that, after striking, it went two blocks, or 400 feet, before it stopped. Although the accident occurred at about half past 10 o'clock on a rainy night, it was not very dark where the plaintiff attempted to cross; Third avenue in that vicinity being lighted by electric lamps. The jury would have been warranted in finding that the motorman, if vigilant, could have detected the presence of the plaintiff upon the track in season to avoid running him down, if he had had his car under proper control. The streets which run into Third avenue from Sixtieth to Sixty-Fifth street do not cross the avenue; they are described as "blind streets"; and it is suggested that, as there was no cross-walk at the place of the accident, the motorman was under no obligation to look out for persons crossing the highway there. Nevertheless the operator of a car along 1,000 feet of an avenue where there are no cross-streets is chargeable with the knowledge that travelers are very likely to want to pass from one side of the avenue to the other in that locality, and may rightfully do so, and it is incumbent upon him to exercise some care to avoid injuring such travelers. The proof sufficed, I think, to make out a prima facie case of the want of any such care here. It may be that a very different picture will be presented when the defendant puts in its evidence, but, as this record stands, the plaintiff has proved enough to entitle him to have the issues submitted to a jury.

Judgment reversed, and new trial granted; costs to abide the event. All concur.