POLACCI v. INTERURBAN ST. RY. CO. (two cases).

(Supreme Court, Appellate Term. November 10, 1904.)

1. STREET RAILROADS—NEGLIGENCE—EVIDENCE—SUFFICIENCY.
    In an action against a street railroad company for injuries to a pedestrian, evidence *held* to warrant a finding of negligence.
2. SAME—CONTRIBUTORY NEGLIGENCE.
    A pedestrian was not negligent in failing to guard against want of ordinary care on the part of the operatives of a street car.
3. NEGLIGENCE—INJURIES—DAMAGES—EVIDENCE.
    In an action for personal injuries recovery should not be allowed for medicines on proof merely that a certain sum was paid for them.

Appeals from Municipal Court, Borough of Manhattan, Twelfth District.

Action by James Polacci against the Interurban Street Railway Company, and action by Joseph Polacci against the same defendant. Appeals by defendant from judgments in favor of the plaintiffs. Judgment in the first case affirmed and in the second reversed, unless respondent stipulate to reduce recovery by the sum of $16; otherwise affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Henry W. Goddard and William E. Weaver, for appellant.
Charles L. Hoffman and Henry A. Freedman, for respondent.

BISCHOFF, J. The contention that the plaintiff's proof as to the happening of the accident was insufficient to support a case upon the

¶ 3. See Damages, vol. 15, Cent. Dig. § 510.

questions of negligence and of the absence of contributory negligence is not well founded. The car was distant the width of three houses, and approaching at no extraordinary rate of speed, as the plaintiff started to cross from the second track of the series of tracks, an intervening space of perhaps 10 feet. Ordinary care upon the part of the defendant's servant could readily be found to have been omitted in the failure to check the car's speed to some extent when the pedestrian's intention to cross the track became apparent; and, indeed, the intention to cross was signified when the plaintiff left the sidewalk, the car being then at a still greater distance; and the pedestrian was not negligent in merely failing to guard against the omission of ordinary care upon the part of the person in charge of the car. There is no force, therefore, in the claim that the case should have been dismissed as matter of law upon such evidence as this. McDermott v. R. R. Co., 89 App. Div. 215, 85 N. Y. Supp. 807; Lawson v. R. R. Co., 40 App. Div. 307, 57 N. Y. Supp. 997; Reed v. R. R. Co., 87 App. Div. 429, 84 N. Y. Supp. 454. No ground for reversal, therefore, is found in the points presented as to the infant's action, but the recovery in the action brought by the father involved an item of $16 for medicines, which should not have been allowed, the proof being solely that this amount was paid. Proper objection was taken to this item, and the proof was certainly insufficient to support a finding upon it. Volkmar v. R. R. Co., 28 Misc. Rep. 141, 58 N. Y. Supp. 1021.

Judgment in action of James Polacci affirmed, with costs.

In action brought by Joseph Polacci, judgment reversed, and new trial ordered, with costs to appellant to abide the event, unless respondent stipulates to reduce recovery by the sum of $16, in which event the judgment will be affirmed, without costs.

All concur.