HANDY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

1. APPEAL—NONSUIT—REVIEW—EXCLUSION OF COMPETENT EVIDENCE.

The court, on appeal, in reviewing the ruling of the trial court in dismissing the complaint at the close of plaintiff's evidence, will consider as admitted competent evidence excluded by the trial court.

2. STREET RAILROADS — INJURY TO PEDESTRIAN — NEGLIGENCE — EVIDENCE — SUFFICIENCY—AUTHORIZING A FINDING OF NEGLIGENCE—DIRECTION OF VERDICT.

A pedestrian left the sidewalk to cross a street in which there were two street-car tracks. On the track farthest from him was a south-bound car, moving at a speed of over 20 miles an hour. When he reached the south-bound track, the car was from 15 to 20 feet away. He almost cleared the track when the car struck him. The street was well lighted, and there were no vehicles or other cars about. The motorman gave no warning, and made no effort to slacken the car's speed until after the accident. *Held* that, though the evidence warranted a finding that the motorman was negligent in failing to slacken the speed of the car or give any signal, yet it also warranted a finding that he was chargeable merely with an error of judgment, in believing that the pedestrian could cross the track in safety, and hence the court could not direct a verdict for defendant on the issue of its servant's negligence.

3. SAME—CONTRIBUTORY NEGLIGENCE—EVIDENCE AUTHORIZING A FINDING — DIRECTION OF VERDICT.

The evidence also authorized a finding that the pedestrian was not guilty of contributory negligence, as he might rely on the motorman's exercising due care, though it also warranted a finding to the contrary, and hence the court could not direct a verdict for defendant on the issue of contributory negligence.

Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from trial term, New York county.

Action by Fannie C. Handy, as administratrix of William C. Handy, deceased, against the Metropolitan Street Railway Company. From a judgment for defendant, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

James R. Soley, for appellant.
Charles F. Brown, for respondent.

O'BRIEN, J. The plaintiff's intestate, while crossing to the westerly side of Third avenue, about 70 feet south of Seventy-Second street, at a few minutes after 9 o'clock on the evening of July 11, 1900, was struck by the defendant's south-bound electric car, and thrown from the track and killed. The deceased was a man about 50 years of age. The evidence is that he was walking, and continued to walk until he was struck, at a natural and ordinary gait, and that he started from the sidewalk, which is 33 feet from the track where the accident occurred, when the electric car was at the south crosswalk of Seventy-Second street, 70 feet north of the place of the collision. The avenue was well lighted from the electric lights and store windows, and the plaintiff's witnesses clearly saw the deceased at a distance of 100 feet. There were no other cars or vehicles about,

and the electric car was brilliantly illuminated. The car did not stop at Seventy-Second street, and there is evidence that it did not lessen its speed until the accident occurred, and that it then ran some 80 or 90 feet further on. When struck, the deceased had passed the middle of the track, and was about to step over the westerly rail, when he was hurled through the air, and landed some 15 feet away from the car, and in a southwesterly direction, sustaining a fractured skull, from which injury he soon died. One of the plaintiff's witnesses (Strauss, apparently a hostile witness) was sitting at the time of the accident in front of a store on the easterly side of the avenue, about 100 feet away, and testified that, as the deceased crossed the track, his face appeared to be about west,—about halfway position; not looking up the street, but looking towards the northwest slightly. Formerly he had made the statement: "He was turned a little up the street. He seemed to be looking in that direction,"—and, upon being further interrogated, said the deceased was looking "slightly up the street." This witness also testified (and no other witness testified on the subject) that the car was about 15 or 20 feet away from plaintiff's intestate when he stepped on the easterly rail of the south-bound track, and was 5 feet away when he stepped on the westerly rail. He also testified: "The motorman reversed his brake immediately after the collision. * * * The car was coming very fast." A policeman, who had seen the accident, and had testified, among other things, that the car could have been seen and heard a considerable distance, was asked, "Did you hear any ringing of a bell by the motorman?" and objection was made to the question, which objection was sustained, and exception taken. Other questions, as to whether any warning was given by the motorman, and whether the witness had called out to the motorman to stop, and he did stop after such calling, were ruled out; exceptions being duly taken. This witness and others testified that the deceased was facing directly west. At the close of the plaintiff's evidence, the learned trial judge dismissed the complaint, and the question on this appeal is as to whether such ruling was right.

The rule has been frequently stated that, in reviewing a judgment upon a nonsuit, the plaintiff is entitled to the benefit of the most favorable inference that can be drawn from the evidence admitted, or which should have been admitted. If there are two inferences, one favorable and the other unfavorable to the plaintiff's cause of action, in determining whether a dismissal of the complaint is right, we must take that inference which is favorable to plaintiff. Another rule, supported by McDonald v. Railway Co., 167 N. Y. 66, 60 N. E. 282, is thus summarized in the headnote of that case:

"The court cannot, in any case where the right of trial by jury exists, and the evidence presents an actual issue of fact, properly direct a verdict. If in such a case it is dissatisfied with the verdict because against the weight or preponderance of evidence, it may be set aside, but a new trial must be granted before another jury; and the direction of a verdict under such circumstances is reversible error."

It follows, we think, from these rules, that, where the complaint is dismissed at the close of the plaintiff's case, then, if from the evi-

dence two inferences can be drawn, one supporting and the other destroying the alleged cause of action, it is for the jury to say which of the two shall be drawn.

Taking the facts most favorable to the plaintiff, it here appears that the deceased on the night in question was desirous of crossing between Seventy-Second and Seventy-First street from the east to the west side of Third avenue, and when he reached the easterly tracks, upon which the north-bound cars were propelled, the car which subsequently struck him was a considerable distance away on the other track, bound in a southerly direction, and that, having reached the south-bound track, he proceeded at an ordinary walk to cross; the car at that time, when he reached the easterly rail of the south-bound track, being from 15 to 20 feet away, but coming at a speed so rapid, as testified by one of the witnesses, that it took only three seconds to run 80 or 90 feet after the collision, which would be at the rate of over 20 miles an hour. The deceased had almost cleared the track—having reached the westerly rail—when he was struck. One witness testified that when he arrived at this point the car was 5 feet away, but before he could leave the rail, which would have required no more than a second (evidently but a step or two), the car hit him. From this it would appear that the car went a distance of at least 5 feet before the man could take the step necessary to clear the track. An effort was made, but, under the rulings of the court, unsuccessfully, to show that no gong was sounded, nor any signal given by the motorman, by shouting or otherwise, to warn the deceased of his danger; and, such evidence being competent, we must regard the case as though it were admitted. Further, it appears that the deceased was thrown violently a distance of 15 feet, to one side and ahead of the car, and that no effort whatever was made by the motorman to stop the car until after the collision. We have, therefore, an accident which occurred on an avenue which was sufficiently lighted, and in no way obstructed by vehicles, so as in any manner to obscure the vision of the motorman or of the deceased. Either of them, by looking, could have ascertained the position of the other, and it remains to determine whether, upon the evidence adduced, drawing the inferences most favorable to the plaintiff, the learned trial judge was justified in holding, as matter of law, either that the motorman was not guilty of negligence, or that the plaintiff's intestate was guilty of contributory negligence. Upon the former proposition, it appears that while the man was plainly in sight, endeavoring to cross the south-bound track, the car, without a signal or warning of any kind, or any attempt to stop or retard it, came at a high rate of speed and struck him. From this evidence two inferences can be drawn: One is that the motorman assumed that deceased would or could cross the tracks in safety without its being necessary to slacken the speed of the car or to give any warning, which assumption, although it might constitute an error of judgment on the part of the motorman, would not necessarily show that he was negligent. The other inference is that the failure to slacken the speed or give any warning was a failure to observe that degree of care which the motorman should have observed with respect to a person in the position of danger that

the man then was, while crossing the tracks; and in this connection it is evident that if a warning had been given, so as to call the attention of the plaintiff's intestate to the necessity of hurrying, or if the speed of the car were slackened in the slightest degree, he could have crossed in safety. Upon the question of the defendant's negligence, therefore, facts were presented from which the jury might have inferred either culpable negligence or a mere error of judgment.

Upon the subject of contributory negligence the rule is thus stated in Kettle v. Turl, 162 N. Y. 255, 56 N. E. 626:

"The question of contributory negligence is generally one of fact to be determined by the jury, and it is not within the province of the court. It is only where it clearly appears from the circumstances, or is proved by uncontroverted evidence, that the injured party has by his own acts or neglect contributed to the injury, that the court can determine that question. The cases are exceptional where it can be held that contributory negligence was so conclusively established that nothing was left, either of inference or of fact, to be determined by a jury."

What has been said with respect to the conduct of the motorman is equally applicable to that of the plaintiff's intestate. He undertook to cross the tracks at a place where, the car being in plain sight, he saw or should have seen it; and if, owing to its distance from him, he miscalculated its speed as it came towards him, and thus did not accelerate his steps, this might be regarded by the jury as an error of judgment on his part. We do not think it can, as matter of law, be held to have been negligent. That he could have passed over unharmed, and that he was not guilty of contributory negligence, as matter of law, in attempting to cross at all, may be inferred from the fact that, although walking at an ordinary gait, he had almost cleared the westerly rail in safety, and would have done so had it not been for the great speed at which the car approached him. "Assuming that the plaintiff saw the car approaching very fast, still there was nothing to indicate to him that it was not under control of the driver, and he had a right to believe that the latter would exercise proper care. The plaintiff supposed he would clear the car, and, although subsequent events proved that he erred in this conclusion, a mere error of judgment was not necessarily negligence, when the proof shows that, had the car been properly managed, as the plaintiff had a right to assume it would be, he would have been enabled to cross in safety." Buhrens v. Railroad Co., 53 Hun, 571, 6 N. Y. Supp. 224, cited as authority in Johnson v. Railway Co., 61 App. Div. 12, at page 17, 70 N. Y. Supp. 113, at page 117. And this court in Copeland v. Railway Co. (January, 1902) 73 N. Y. Supp. 856, said:

"We do not understand the rule to be, with respect to the rapid passage of electric cars, that a person seeing a car in the distance is obliged to wait until it has passed, and cars are no longer in sight. * * * On the contrary, we have many times held that pedestrians are entitled to a reasonable use of the streets and street crossings, and when exercising such rights they are justified in assuming that those managing the cars will respect them."

It may properly be urged that if we assume that the deceased, seeing the car, concluded he could, under the circumstances, get over in safety, and thus was guilty merely of an error of judgment, and not of negligence, the application of the same rule to the motorman

would absolve him from negligence, leaving him responsible only for an error of judgment. As matter of argument, this is good, although it may be observed in passing that the motorman should be more familiar with the actual speed of the car than is a pedestrian. The court, however, cannot, as matter of law, determine whether either or both are guilty merely of errors of judgment, and not of negligence, without usurping the functions of the jury; it being, as already said, where there are two inferences that may be drawn from the facts, for the jury to say which of the two should be drawn. Weil v. Railroad Co., 119 N. Y. 147, 23 N. E. 487.

We think the dismissal of the complaint was error, for which the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

INGRAHAM and HATCH, JJ., concur. VAN BRUNT, P. J., and McLAUGHLIN, J., dissent.