JOANNA M. COPELAND, Respondent, *v.* METROPOLITAN STREET RAILWAY COMPANY, Appellant.

*Negligence — charge that one seeking passage on a car may cross the tracks in frone of it — that she need not look behind her — that she may recover for future pain and suffering " both mentally and physically " — an exception must point out tht error complained of.*

In an action brought to recover damages for personal injuries sustained by the plaintiff in consequence of being struck by one of the defendant's north-bound street cars which the plaintiff desired to board, it appeared that the plaintiff's son signaled the motorman of the car to stop when he and the plaintiff were standing on the southerly crosswalk of a street and on the westerly side of the defendant's tracks and that the car was then in the middle of the next block southerly; that after the signal had been given, the plaintiff proceeded diagonally across the tracks to the place at the northerly line of the street where the cars customarily stopped for passengers and was struck just as she was leaving the track.

*Held,* that the court might properly charge that "the plaintiff was not bound, as a matter of law, although she saw the car coming towards her in the distance, to wait until it had passed her, but she had a right to rely upon the motorman exercising due and reasonable care to permit her to cross his track in safety;"

That the court might also properly charge that "no duty was imposed as a matter of law, upon the part of the plaintiff to look behind her after she started in her diagonal course across the tracks of the defendant company, but that question is one of fact to be decided by the jury;"

That while a charge that the jury might compensate the plaintiff for future pain and suffering " both mentally and physically " was erroneous in that there was no evidence to justify a finding that the plaintiff would suffer " mentally " in the future, the error was not available to the defendant under an exception to a charge that the plaintiff might recover for "further pain and suffering in the future," as such exception did not point out the objectionable feature.

VAN BRUNT, P. J., and McLAUGHLIN, J., dissented.

APPEAL by the defendant, the Metropolitan Street Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of April, 1902, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 5th day of May, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Bayard H. Ames,* for the appellant.

*M. P. O'Connor,* for the respondent.

LAUGHLIN, J. :

On Sunday, the 11th day of September, 1898, about three o'clock in the afternoon, the plaintiff was struck and injured by a north-bound car on the defendant's track in Eighth avenue at the usual place of stopping of north-bound cars for passengers at Ninety-ninth street.  The first points urged on behalf of the appellant are that the plaintiff was guilty of contributory negligence and that the defendant was not negligent.

On a former trial of this action the plaintiff was nonsuited at the close of her case.  The evidence presented on behalf of the plaintiff on this trial is the same as that presented on the previous trial. On appeal from the judgment entered on the nonsuit this court held that both questions of negligence were questions of fact which should have been submitted to the jury.  (*Copeland* v. *Metropolitan St. Ry. Co.,* 67 App. Div. 483.)  That decision is *res adjudicata* of the plaintiff's right on this evidence to have her case submitted to the jury, and those questions require no further consideration by this court.

Counsel for the appellant also contends that the verdict on those questions is against the weight of the evidence and that the motion for a new trial on that ground should have been granted.  Much of the testimony adduced in behalf of the defendant is either conflicting or improbable, and some of it tends to establish negligence on the part of the motorman and freedom from contributory negligence on the part of the plaintiff.  The evidence on the part of the defendant preponderates only in the number of witnesses by which it is given.  It cannot be said to preponderate in probative force, and we would not be justified in disturbing the verdict of the jury upon this ground.

The court instructed the jury, among other things, that "the plaintiff was not bound, as a matter of law, although she saw the car coming towards her in the distance, to wait until it had passed her, but she had a right to rely upon the motorman exercising due and reasonable care to permit her to cross his track in safety."  The defendant excepted and urges this exception on the appeal.  At the

time the plaintiff saw the car coming she and her son were at the westerly side of the south-bound track on the line of the southerly crosswalk of Ninety-ninth street, and the car, according to their evidence, was in the middle of the block below them and the son had signaled the motorman to stop as his mother desired to board the car. She then proceeded from that point diagonally across the tracks to the place at the northerly line of Ninety-ninth street where the cars customarily stopped for passengers, and was struck just as she was leaving the track when she had one foot upon the curb and was lifting the other from the rail. On these facts the charge was not erroneous. It cannot be held as matter of law in these circumstances that she was guilty of negligence in proceeding across the tracks and in assuming that the motorman, as the car approached this stopping place toward which she was apparently hurrying to board his car, would use reasonable care to permit her to cross in safety. (*Costello* v. *Third Ave. R. R. Co.*, 161 N. Y. 317; *Handy* v. *Metropolitan St. R. Co.*, 70 App. Div. 26; *Legare* v. *Union Railway Co.*, 61 id. 202; *Totarella* v. *N. Y. & Queens Co. R. Co.*, 53 id. 413; *Hoyt* v. *Metropolitan St. R. Co.*, 73 id. 249.)

The court also instructed the jury that "no duty was imposed as a matter of law, upon the part of the plaintiff to look behind her after she started in her diagonal course across the tracks of the defendant company, but that question is one of fact to be decided by the jury." Counsel for the defendant also excepted to this charge and contends that it was erroneous. It appeared upon the former trial that the plaintiff did not look around after seeing the car in the middle of the block and starting on her diagonal course. It necessarily follows from the former decision of this court that she was not chargeable with negligence as matter of law in not looking around; otherwise there was no propriety in holding that the case must be submitted to the jury.

The injuries sustained by the plaintiff consisted of a bruise on the head, a cut over the eye, a bruise on the right side and a fracture of both bones of the left leg below the knee and injuries to her back, the muscles being strained. Her physician testified that "She suffered a great deal of pain." Her limb was in a plaster of paris cast for six or seven weeks and bandaged for a time thereafter.

According to the evidence of the physician there was a good union of the bones and the ordinary recovery in such cases. Her head was bandaged for two weeks. She was a seamstress. She testified, " This was a painful injury to my leg, extremely painful. I feel the effects of that injury to this day;" that even now when she works her sewing machine steadily with her foot or does washing she has " to give up to rest." The verdict of $1,000 is not large, and no claim that it is excessive is made or urged on the part of the appellant. The appellant, however, in its desire to obtain a new trial, urges an exception to the charge on the question of damages. The court instructed the jury that they might compensate the plaintiff for " the pain and suffering mentally and physically endured by her in the past by reason of these injuries," and that if they were " prepared to say upon the evidence that she will be called upon to endure further pain and suffering, both mentally and physically, or either, in the future within reasonable certainty," compensation for such pain and suffering might also be awarded. On the evidence the jury would have been justified in finding that the plaintiff would sustain pain and suffering from these injuries to some extent at times in the future ; but, of course, there was no evidence to justify a finding that she would endure pain or suffering " mentally " in the future as a necessary consequence of the injuries. Counsel for the defendant, however, in excepting to this charge failed to call the attention of the court to the suggestion, evidently due to inadvertence, that the jury might award compensation for future mental pain or suffering, and merely excepted generally to the court permitting the jury to award compensation for " further pain and suffering in the future from the accident," saying that " the defendant's contention being that there is no proof which would warrant the jury in making any allowance whatever for future pain and suffering." The charge was incorrect, but the exception did not and was not intended to relate to the objectionable feature. Counsel contended on the trial, as on this appeal, generally, that no allowance could be made for future pain or suffering. In view of the amount of the verdict, however, it is clear that the defendant was not prejudiced by this charge, and the exception presents no ground for reversal.

It follows that the judgment and order should be affirmed, with costs.

Patterson and O'Brien, JJ., concurred; Van Brunt, P. J., and McLaughlin, J., dissented.

Judgment and order affirmed, with costs.

---

Charles A. Matthews, an Infant, by Charles N. Matthews, his Guardian ad Litem, Respondent, *v.* The City of New York and James Dugan, Appellants.

*Loose cover of a coal hole in a sidewalk, the beveled edges of which are worn away — liability of the owner to one injured by its tilting up when walked on — when the city is not liable.*

In an action brought against the city of New York and the owner of a building abutting on a public street in that city to recover damages for personal injuries, sustained by the plaintiff while walking along the sidewalk in front of such premises, in consequence of the iron cover of a coal hole situated in the sidewalk tilting up when he stepped upon the edge thereof, it appeared that a few months prior to the accident the defendant owner rented the entire building and the appurtenances to a tenant for a period of three years.

Evidence was given tending to show that the cover rested on the beveled edge of the hole in the flagstone; that the beveled edge of the stone was so worn that the cover was loose and would readily tip up on pressure from above; that there was no chain attachment under the sidewalk for securing the cover in place, and that shortly prior to the time when the lease of the premises was executed a similar accident had happened.

The action was brought and tried upon the theory that the defendants were negligent.

*Held,* that, assuming that the coal hole was constructed by permission of the proper municipal authorities, the evidence was sufficient to charge the defendant owner with negligence;

That the city was under no obligation, as matter of law, to inspect the under side of the cover for the purpose of discovering whether there were attachments for fastening it from below, and that, as it did not appear that the city had actual notice of the defective condition of the coal hole or that such defective condition was apparent to ordinary observation when the cover of the coal hole was in place, the city could not be held liable.

Appeal by the defendants, The City of New York and another, from a judgment of the Supreme Court in favor of the plaintiff,