BENJAMIN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. November 6, 1903.)

1. APPEAL FROM NONSUIT—FAVORABLE INFERENCES.
    Where a nonsuit is granted at the close of plaintiff's case, plaintiff on appeal is entitled to every fact that the jury could have found from her evidence, and to all the favorable inferences therefrom; and, if two inferences arise, one favorable and the other unfavorable, only the favorable one can be considered.

2. STREET RAILWAY—PASSENGER—ATTEMPT TO BOARD CAR—INJURY—CASE FOR
     JURY.
        Evidence in a suit by a passenger against a street car company for in-
     juries received while attempting to board a car *held* sufficient to take
     plaintiff's case to the jury on the issues of negligence and contributory
     negligence.
3. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
        Contributory negligence is generally a question of fact, and it is only
     where it clearly appears from the circumstances, or is proved by uncon-
     troverted evidence, that the court can determine the question.

Appeal from City Court of New York.

Action by Jeanette Benjamin against the Metropolitan Street Rail-
way Company. From a judgment for defendant, entered on a dis-
missal of the complaint at the close of plaintiff's evidence, plaintiff
appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and
BLANCHARD, JJ.

F. Angelo Gaynor and Bayard H. Ames, for appellant.

Gross & Sneudaira, for respondent.

FREEDMAN, P. J. This is one of the ordinary actions brought
to recover damages for defendant's alleged negligence. The testi-
mony of the plaintiff was uncontradicted, and her complaint was dis-
missed on the merits upon the close of the case on motion made by
defendant's counsel. The substance of plaintiff's testimony is sub-
stantially as follows: She was, on December 17, 1901, employed at
Simpson, Crawford & Simpson's, on Sixth avenue, and resided with
her mother at No. 15 Avenue A. She left her home about 7:30 a. m.,
her object being to reach Sixth avenue and Twenty-First street.
She went down Avenue A until she came to Second street, going west
to First avenue, where she could get a car which would transfer her
to Sixth avenue. This car goes through First avenue at Second
street. The plaintiff waited for a car, which was a horse car. As it
approached, she signaled the driver, and the car came to a stop. She
then describes what occurred as follows:

"Then I went to get on, and, holding the rail of the car with my right hand,
I had my right foot upon the first step of the car when the car started before
I put my left foot on. The conductor was inside the car. He was not on the
platform. The car started when I had my right foot on, and before I got
my left foot on, and I fell after the car was started, and I was dragged some
distance. * * * I fell upon my chest and upon my abdomen."

On cross-examination she says:

"It [the car] was standing when I got on with my right foot, and when
I took hold of it with my right hand, my right foot was on. I took hold of
the car, I say, with my right hand. Then I put my right foot on the step
of the car. The weight of my body was on my left foot, which was still upon
the ground, while I was in that position, the car started off. The car then
started so quick that I could not let go. It would have broken my head if
I had let go then. I could not let go without being hurt."

She also testified, in answer to questions put by defendant's coun-
sel, "that just as I had put my right foot on the car the conductor rang

¶ 3. See Negligence, vol. 37, Cent. Dig. §§ 291, 333.

the bell, and I was dragged upon the pavement." She received injuries which, from the testimony offered, appeared to be quite serious.

In such cases the well-known rule of law is that, where a nonsuit is granted at the close of the plaintiff's case, the plaintiff on appeal is entitled to every fact that the jury could have found from the evidence adduced by her, and to all the inferences intended thereby. Bruss v. Met. St. Ry. Co., 66 App. Div. 554, 73 N. Y. Supp. 256; St. John v. N. Y. C. & H. R. R. R. Co., 165 N. Y. 241, 59 N. E. 3.

The respondent's attorney, by selecting certain portions of the plaintiff's testimony from which inferences might be drawn that would indicate that the plaintiff was not entirely free from contributory negligence, urges that the dismissal of the complaint was proper. That such is not the rule in cases of this kind should be known by the most inexperienced practitioner. If there are two inferences, one favorable and one unfavorable to the plaintiff's case, in determining whether a dismissal of the complaint was right that inference must be followed which is favorable to the plaintiff. Handy v. Met. St. Ry. Co., 70 App. Div. 28, 29, 74 N. Y. Supp. 1079. There was sufficient testimony on the part of the plaintiff from which the jury could have found that the defendant was guilty of negligence and the plaintiff free from contributory negligence. The question of contributory negligence is generally one of fact to be determined by the jury, and is not within the province of the court. It is only where it clearly appears from the circumstances, or is proved by uncontroverted evidence, that the injured party has, by his own acts or neglect, contributed to the injury, that the court can determine that question. Handy v. Met. St. Ry. Co., 70 App. Div. 31, 74 N. Y. Supp. 1079.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.