(52 Misc. Rep. 487)

### BARTH v. BORDEN'S CONDENSED MILK CO.

(Supreme Court, Appellate Term. February 4, 1907.)

1. APPEAL—PRESUMPTIONS—NONSUIT IN LOWER COURT.

Where a nonsuit is granted at the close of the testimony, plaintiff, on appeal, is entitled to every fact that the jury could have found from the evidence adduced on his part and to all favorable inferences therefrom; and if two inferences arise, one favorable and one unfavorable, only the favorable one can be considered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3748.]

2. NEGLIGENCE—QUESTIONS FOR JURY.

In an action for injuries received by a child by being run over by a wagon, the driver's negligence *held*, under the evidence, a question for the jury.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Sam Barth against Borden's Condensed Milk Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Rosenbluth & Silverman (Henry Silverman, of counsel), for appellant.

Thomas M. Rowlette (F. Herbert Wadsworth, of counsel), for respondent.

BLANCHARD, J. This action was brought to recover for damages for an injury received by a child of five years and nine months old, residing with its parents, by being run over by a wagon in charge of one of the defendant's drivers. The case came on for trial before a jury, and at the close of the testimony on motion of the defendant's counsel, the trial judge dismissed the complaint.

Upon an appeal from a nonsuit the plaintiff is entitled upon appeal to every fact that the jury could have found from the evidence adduced on his part and to all favorable inferences therefrom, and if two inferences arise, one favorable and one unfavorable, only the favorable one can be considered. Benjamin v. Met. St. Ry. Co. (Sup.) 84 N. Y. Supp. 458. The child was concededly non sui juris, and the testimony given on the part of the plaintiff was to the effect that on Saturday morning, May 12, 1906, at about 9 a. m., the child went upon the street in front of his parent's residence with a penny given him by his father with which to purchase some candy, and that he was instructed

to look out for wagons and cars. The street in question was not in constant use by vehicles, and children frequently play upon the sidewalks. The boy left the sidewalk to go upon the street as the defendant's wagon was approaching from 25 to 40 feet distant, and coming rapidly towards him. The driver of this wagon was speaking to the driver of another wagon near him, and it is reasonable to presume was paying no attention to what might be in his course, as his head was turned "sideways," as testified to by plaintiff's witnesses. The wagon struck the child, causing some injuries. Under the facts and circumstances disclosed by the testimony, it was a question of fact for the jury to determine, and the dismissal of the complaint was error.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.