### BARTH v. BORDEN'S CONDENSED MILK CO.

#### (Supreme Court, Appellate Term. June 6, 1907.)

1. APPEAL—LAW OF THE CASE.

A judgment on appeal, deciding that the granting of a nonsuit was error and sending the case back for trial, while the law of the case as far as it went, was not binding on the question raised on a second appeal that the verdict was against the weight of the evidence.

2. MUNICIPAL CORPORATIONS—NEGLIGENCE—INJURIES TO PEDESTRIAN—SUFFIENCY OF EVIDENCE.

In an action for injuries received by plaintiff through the alleged negligence of defendant in running over him with a wagon in a street, evidence held insufficient to show negligence on defendant's part.

3. APPEAL—BRIEF.

A brief on appeal should be confined to a statement of the points or propositions of law arising on pertinent matters in the record and relied on for reversal of the judgment, and should not present views or use inappropriate language on impertinent matters of which the court cannot take notice.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Sam Barth, an infant, against the Borden's Condensed Milk Company. From a judgment for plaintiff, and from an order denying defendant's motion for new trial, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Thomas M. Rowlette, for appellant.

Rosenbluth & Silverman, for respondent.

GOFF, J. On the first trial of this action the justice presiding refused to allow the case to go to the jury and granted a nonsuit at the close of the plaintiff's case. Appeal was taken, and this court (102 N. Y. Supp. 498) decided that in granting a nonsuit error was committed and sent the case back for trial. A new trial was had, and from its determination this appeal was taken.

At the close of the plaintiff's case the justice refused to nonsuit the plaintiff, holding that the decision of the Appellate Term to submit the case as made by the plaintiff to the jury was mandatory. In this he was right. But that decision in no way is binding on the question

raised on this appeal that the verdict was against the weight of evidence. Undoubtedly that decision was the law of this case so far as it went; but.it cannot be held to apply to the whole case, for that was not before the court for review. Therefore the question on this appeal is presented de novo, and its decision must rest upon an examination of the whole case.

To distinguish the testimony of the witnesses as to what they actually saw from the suggested testimony contained in the reiterated leading questions of counsel involves not only difficulty, but unnecessary labor. Briefly narrated, the actual testimony was: The plaintiff, a good boy, 5½ years old, who attended school, received from his father about 10 o'clock in the morning a cent to buy candy. He went on the street, and in 10 or 15 minutes afterwards was injured by defendant's wagon. Witness Kotchin said:

"The child was on the street, and I drove over it. The child was in the middle of the street when I first saw it. Where I first saw the child, it was 75 feet away from wagon. I did not see anything of the child before he was actually run over by the wagon. I do not know whether the child was standing out in the street or not when the wagon was 75 feet away. Both wheels, the front and the rear, hit the boy. Q. Which wheel hit the boy? A. I do not know. I did not see that. The first wheel struck him here, and the second wheel struck him further up the back. Both wheels went over the boy."

Witness Rubel said:

"I live next door to the candy store. The boy came out from the candy store. He lost the candy, and he ran for it, to catch it, and at the same time the wagon came up and ran over him.

"By a juror: Q. You mean, when the child came out of the candy store, the candy fell out from his hand and rolled into the gutter, and got run over? A. Yes. sir. The driver came and run over him.

"By the Court: Q. The candy fell out of his hands and rolled into the gutter, and he got down into the gutter and reached to get it, and at the same time the wagon came round? A. Yes, sir."

Annie Rubel, witness for defendant, said that:

"She lived across the way from the accident. The little boy was playing ball against the house. He was throwing the ball to the house. He wanted to catch the ball. The ball rolled out in the gutter. He wanted to reach for it, and the wheel knocked him over. The ball went under the wagon."

Barbara Edich said:

"Was just in front of the door when it happened. The wagon was coming along. The child went right off. He fell down and cut his face. Then the wagon came down. The front wheel touched him."

The driver said:

"The little boy was playing ball up against the house. When I was pretty nearly opposite him, the ball rolled out in the street. and he ran after it to get it. By that he ran against the wheel of the wagon."

The boy's injuries consisted of bruises and scratches about the head and face which were superficial in their character. It is plain to observance that the testimony of the plaintiff is of itself contradictory and unimpressive. Kotchin's testimony is neither clear nor coherent, and Rubel's testimony harmonizes with that of the defense as to the boy running into the gutter—the difference being that Rubel said he

ran after the candy, while the other witnesses said he ran after the ball; but, whatever he ran after, it was practically uncontradicted that he ran after something and was trying to catch it when he struck against the wagon. It was also uncontradicted that the wagon was going slowly. The justice in his charge said:

"It must stand to reason with you all that this wagon could not have been driven over the body of the child."

This was not excepted to, and it is significant in view of the statement of Kotchin that both wheels went over the boy. If to this testimony is applied the test, "Does it show any negligence on the part of the driver?" the answer must be that it does not. Not only does the plaintiff fail to sustain his case by a preponderance of all the credible testimony, but he fails to supply sufficient to establish even a fair balance. Indeed, the preponderance rests with the defense. From a careful consideration of all the testimony the conclusion is forced upon the mind that the boy, in playing either with candy or ball, which rolled from the sidewalk into the gutter, pursued it, and in trying to catch it either struck or was struck by a passing wagon. This in no legal sense can be charged as defendant's negligence, and the motion to set aside the verdict as contrary to the evidence should have been granted.

Counsel for appellant is reminded that a "brief" on appeal should be confined to a statement of the points or propositions of law arising upon pertinent matters in the record and relied on for reversal of the judgment, and should not present views or use inappropriate language on impertinent matters of which the court cannot take notice.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.