## HARLAN v. JOLINE et al.

### (Supreme Court, Appellate Term.  June 21, 1912.)

STREET RAILROADS (§ 117*)—INJURIES TO TRAVELERS—AUTOMOBILE ACCIDENT.
    As plaintiff's automobile was being driven across a street on which
    defendant's street cars were operated, the chauffeur looked to the north,
    saw a car coming south, then about 110 feet north of the automobile,
    which was proceeding at from 3 to 5 miles an hour, and the car about
    15 miles an hour.  The chauffeur's companion held out his left hand
    toward the car, while the chauffeur proceeded to cross the track; but
    the automobile was struck slightly to the rear of the middle and dam-
    aged.  *Held*, that the chauffeur had an equal right to the crossing with
    the street car, and whether he was justified in assuming that the car
    was under the motorman's control, and would slow down to enable him
    to cross without danger, was for the jury.
    [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–
    257;  Dec. Dig. § 117.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh
District.

Action by Edward M. Harlan against Adrian H. Joline and Doug-
las Robinson, as receivers of the Metropolitan Street Railway Com-
pany.  From a judgment dismissing the complaint at the close of
plaintiff's case, he appeals.  Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BI-
JUR, JJ.

Joseph Rosenzweig, of New York City, for appellant.
Masten & Nichols, of New York City (B. F. Record, of New York
City, of counsel), for respondent.

BIJUR, J.  The plaintiff's automobile, being driven with his con-
sent by a friend, was crossing Lenox avenue from west to east on
122d street.  When it had reached Lenox avenue, and was 20 to 30
feet from the south-bound car track of defendants, the chauffeur,
looking to the north, saw a car coming south and then about 110 feet
north of the automobile.  The latter was proceeding at from 3 to 5
miles per hour; the car, about 15 miles per hour.  The chauffeur
spoke to his companion, who was sitting to the left of him in the front
seat, who thereupon held out his left hand toward the car, while the
chauffeur proceeded to cross the track.  The car hit the automobile
about in the middle, but slightly to the rear, and inflicted damages for
which recovery is sought.

The learned trial judge seemed to regard the motorman of the car
as negligent, but treated the chauffeur's course as contributory neg-
ligence as matter of law, because, as the judge said, he took upon
himself "a dangerous attitude" and a "wild and reckless guess at what
he might do."  This ruling, however, is not justified by the author-
ities.  The chauffeur had equal right at this crossing with the defend-
ants' car.  From the facts proved, the question whether he was jus-
tified in assuming that the car was under control of the motorman,
and would be slowed down to enable him to cross without danger,

should have been submitted to the determination of the jury. See Handy v. Metropolitan St. Ry. Co., 70 App. Div. 26, 32, 74 N. Y. Supp. 1079; Hutgher v. Nassau Elec. R. R. Co., 142 App. Div. 522, 126 N. Y. Supp. 1105; Lawson v. Metropolitan St. Ry. Co., 40 App. Div. 307, 57 N. Y. Supp. 997, affirmed 166 N. Y. 589, 59 N. E. 1124; Legare v. Union Ry. Co., 61 App. Div. 202, 70 N. Y. Supp. 718.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.